JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| GUADALUPE V. HERNANDEZ PINEDA, | Case No. 8:19-cv-00605-DOC-ADSx |
|---|---|
| Plaintiff, | ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE AND TO COMPLY WITH COURT ORDERS |
| v. | |
| DAVID LESTER, et al., | |
| Defendants. | |

# I.

# BACKGROUND

On March 29, 2019, Plaintiff Guadalupe V. Hernandez Pineda ("Plaintiff") filed this Petition for Writ of Mandamus action against various federal officials, seeking to compel the Department of Homeland Security to adjudicate Plaintiff's Application for Adjustment of Status, which had been pending for four years. (Dkt. 1 [the "Petition"].) The Proof of Service declaration attached to the Petition indicates that Plaintiff's attorney served Defendants on March 29, 2019. (Id. at 14-15.)

1

Federal officials generally must respond to a complaint within sixty (60) days of service. Fed. R. Civ. P. 12(a)(2). After more than sixty days elapsed without Defendants appearing in this action, on July 3, 2019, the Court issued an order to show cause ("OSC") why this action should not be dismissed without prejudice for failure to timely serve Defendants. (Dkt. 5.) Plaintiff never responded.

On July 31, 2019, the Court issued a second OSC, ordering Plaintiff to show cause why this action should not be dismissed without prejudice for failure to prosecute and to comply with Court orders. (Dkt. 6.) Plaintiff was ordered to respond on or before August 7, 2019. (Id.) Plaintiff never responded.

## II.

## DISCUSSION

It is well-established that a district court may dismiss an action for failure to prosecute, failure to follow court orders, or failure to comply with the federal or local rules. See Fed. R. Civ. P. 41(b); Link v. Wabash R. Co., 370 U.S. 626, 629-30 (1962); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). Local Rule 41-1 provides that "[c]ivil suits which have been pending for an unreasonable period of time without any action having been taken therein may, after notice, be dismissed for want of prosecution." L.R. 41-1.

In this case, Plaintiff has failed to comply with the federal rules and with Court orders. Because no Defendant has appeared in this action, it appears that Plaintiff failed to comply with the service requirements of Rule 4. Moreover, Plaintiff failed to comply with Court orders to respond to two OSC's. (Dkts. 5, 6.) In fact, Plaintiff has not submitted any filing to the Court in over four months, effectively abandoning this action.

In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders, a district court should consider the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability

of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits. See In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226-28, 1234-52 (9th Cir. 2006). The test is not "mechanical," but provides a "non-exhaustive list of things" to "think about." Valley Eng'rs v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998).

Here, the five factors support dismissal of Plaintiff's action based on failure to prosecute this case and to comply with Court orders. The first factor—the public's interest in the expeditious resolution of litigation—"always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).

The second factor—the Court's need to manage its docket—also supports dismissal. Plaintiff's "noncompliance has caused the action to come to a complete halt, thereby allowing [him] to control the pace of the docket rather than the Court." Id. (internal quotations marks omitted). This action has been pending since March, but no Defendants have appeared, and Plaintiff has stopped responding. Plaintiff has disregarded two Court orders. Plaintiff's inaction frustrates the public's interest in the expeditious resolution of litigation and the Court's need to manage its docket. It is Plaintiff's responsibility to move his action toward a disposition at a reasonable pace, while avoiding dilatory and evasive tactics. Morris v. Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991).

The third factor—prejudice to Defendant—supports dismissal. "[T]he failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure … The law presumes injury from unreasonable delay." Southwest Marine, Inc. v. Danzig, 217 F.3d 1128, 1138 (9th Cir. 2000) (citing Moneymaker v. CoBen (In re Eisen), 31 F.3d 1447, 1451 (9th Cir. 1994)).

The fourth factor—availability of less drastic sanctions—favors dismissal. As explained above, Plaintiff has effectively abandoned this action. Under these circumstances, the Court is unable to impose a lesser effective sanction.

The fifth factor—public policy favoring a disposition of an action on its merits—weighs against dismissal. Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002).

Because four of five enumerated factors support dismissal, this action is dismissed pursuant to Rule 41(b) and Local Rule 41-1. Local Rule 41-2 provides, "[u]nless the Court provides otherwise, any dismissal pursuant to [Local Rule] 41-1 shall be without prejudice." L.R. 41-2. In general, a court has discretion to dismiss an action under Rule 41(b) with or without prejudice. See Fed. R. Civ. P. 41(b); Al-Torki v. Kaempen, 78 F.3d 1381, 1385 (9th Cir. 1996). Considering all of the circumstances, this action shall be dismissed in its entirety without prejudice.

### III.
### CONCLUSION

For the foregoing reasons, this action is DISMISSED WITHOUT PREJUDICE.

DATED: August 13, 2019

*/s/ David O. Carter*
HON. DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

Presented by:

_____
KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE